# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **RONNA L. PANGARAKIS** § <br> **AND ALL OTHERS** § <br> **SIMILARLY SITUATED,** § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> § <br> § <br> § <br> § <br> § <br> **ALLSTATE INSURANCE CO.** § <br> Defendant § | **CIVIL ACTION** <br> **4:12-cv-00358** <br><br> **JURY DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES**, PLAINTIFF, RONNA L. PANGARAKIS (hereinafter referred to as "Plaintiff") and all others similarly situated, and complain of Defendant ALLSTATE INSURANCE CO. (hereinafter referred to as "Defendant") and for cause of action would show the Court as follows:

## I. INTRODUCTION

1. This is a collective action suit to recover unpaid overtime wages, and compensation for work performed, but not recorded and paid ("off–the-clock") brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

2. This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, taxable costs of court, and post-judgment interest for Defendants' willful failure to pay overtime pursuant to 29 U.S.C. § 216(b) for Plaintiff RONNA L. PANGARAKIS, and all others similarly situated, in the course of their employment with the Defendant.

3. RONNA L. PANGARAKIS and all others similarly situated demand a jury trial on all issues that may be tried to a jury.

4. This action is authorized and instituted pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. and state common law.

## II. JURISDICTION AND VENUE

5. Plaintiff RONNA L. PANGARAKIS, on behalf of herself and the Plaintiff class, brings this action to recover unpaid overtime wages and compensation for work performed, but not recorded or paid from the Defendants pursuant to the Fair Labor Standards Act 29 U.S.C. § 201 *et seq*.

6. This Court also has jurisdiction of these claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq*.

7. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## III. PARTIES

8. Plaintiff **Ronna L. Pangarakis** is a resident of Harris County, Texas.

9. Members of the **"Plaintiff Class"** are current and former employees of Defendant. who work, or have worked, as Claims Adjustors at one or more of Defendant's insurance facilities in Texas.

10. Defendant **Allstate Insurance Co.** is a validly existing insurance company authorized to conduct business in the state of Texas that may be served with summons and complaint by serving its Registered Agent, CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, TX 75201, or at any other address where they conduct business.

11. Whenever in this complaint it is alleged that the named Defendant committed any act

or omission, it is meant that Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done in the routine normal course and scope of employment of Defendant's officers, directors, vice-principals, agents, servants or employees.

12. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA 29 U.S.C. § 203(r).

13. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA 29 U.S.C. § 203(r).

14. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s) (1) of the FLSA because they have had employees engaged in commerce. 29 U.S.C. § 203(s) (1).

15. At all material times, Plaintiff was an individual employee who was engaged in commerce of in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

16. Defendant is Plaintiff's "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

## IV. CLASS ALLEGATIONS

17. Plaintiff RONNA L. PANGARAKIS files this case as an "opt in" collective action, as it is specifically allowed by 29 U.S.C. § 216(b).

18. The class that Plaintiff RONNA L. PANGARAKIS seeks to represent may be described as follows:

> **All current and former employees of any of the facilities owned or operated by Defendant in Texas who 1) worked as a Claims Adjuster at any business located in Texas that was owned, operated, controlled and/or acquired by Defendants during the class period, and 2) claims that he or she either (a) failed to receive all of his or her overtime pay, in**

**violation of 29 U. S. C., et.seq.and seeks payment for such lawfully earned overtime pay or (b) failed to receive all of his or her compensation for work performed, but not recorded or paid ("off-the-clock" work)**

19. Plaintiff, RONNA L. PANGARAKIS, seeks to represent only those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by counsel for Plaintiff Ronna L. Pangarakis as required by 29 U.S.C. § 216(b).

20. Those persons who choose to opt in, referred to as the "Plaintiff's class", will be listed on subsequent pleadings and copies of their written consents to sue will be filed with the Court.

21. Plaintiff RONNA L. PANGARAKIS contends that this action is appropriate for collective action status because the Defendant herein has acted in the same manner with regard to all members of the Plaintiff's class.

## V. FACTS

22. At all times relevant to this action, Defendant has been subject to the requirements of the Fair Labor Standards Act 29 U.S.C. 201 et.seq.

23. For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

24. Defendant employed Plaintiff RONNA L. PANGARAKIS from 1990 until May 24, 2011 at various locations of Defendant's facilities in Houston, Texas.

25. During the most recent period of time that, Plaintiff worked for Defendant, Plaintiff was classified as a Claims Adjuster.

26. During her employment and in the routine performance of her day-to-day job duties., Plaintiff has performed non-exempt work, during a significant period of most days, as classified by

the Act, because the performance of Plaintiff's job required it and because Defendant management required the performance of those non-exempted job duties, as a condition of Plaintiff's continued employment.

27. In particular, Plaintiff researched claim information, and performed claims processing duties for Defendant's business.

28. During Plaintiff's employment, while working for the Defendant, Plaintiff was required to work overtime hours in excess of 40 hours worked during each seven-day workweek.

29. Further, during these hours worked, Plaintiff has performed the function of her job, which included the performance duties typically performed by "hourly" paid non-exempt employees because the job required it and the Defendants' management required it, as a condition of Plaintiff's continued employment.

30. Plaintiff routinely worked in excess of 40 hours per week during her employment with the Defendant.

31. Plaintiff's normal work schedule was to work between eight and eleven hours during each workday..

32. Defendants required Plaintiff and all others similarly situated to perform all necessary work to include the performance of those duties otherwise typically performed by "hourly" employees which routinely required Plaintiff and other similarly situated employees to work "overtime" hours as defined by 29 U.S.C. § 201 *et seq.*, for which they failed to receive overtime compensation as required by the Act.

## VI. FIRST CLAIM FOR RELIEF
### (Unpaid overtime compensation under the FLSA)

33. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully written herein.

34. Plaintiff RONNA L. PANGARAKIS and all others similarly situated are considered non-exempt employees under the statutory provisions of the Fair Labor Standards Act, 29 U.S. C. 201, et seq., as well as by the administrative regulations used to interpret the Act.

35. Plaintiff RONNA L. PANGARAKIS and all others similarly situated are entitled to receive overtime pay for all hours they have worked in excess of 40 during each seven-day workweek.

36. Defendant failed to compensate Plaintiff and all others similarly situated, their entitled pay (including overtime pay) for those hours they worked in excess of 40 per week.

37. Defendant has violated 29 U.S.C. § 201 *et seq*. by failing to compensate the Plaintiff and all other similarly situated employees "overtime" pay for all hours worked in excess of 40 hours per week.

38. Defendant has failed to make good faith efforts to comply with the FLSA, and has willfully and deliberately sought to evade the requirements of the federal statute.

39. Defendant has failed to maintain a complete, accurate, and contemporaneous record of the number of hours worked per workweek by Plaintiff and by all other similarly situated employees, as required by law.

40. The Defendant's conduct was willful within the meaning of 29 U.S.C. § 255(a).

41. No lawful exemption excused the Defendant from compensating Plaintiff and all others similarly situated, overtime pay for hours worked over forty per week.

42 . Defendants knowingly, willfully, or with reckless disregard carried out an illegal

pattern and practice of deceptive and fraudulent accounting practices regarding overtime compensation due to Plaintiff and to all others similarly situated.

43. Plaintiff and all others similarly situated seek an amount of back-pay equal to the unpaid overtime compensation from the date their eligibility began, as defined by the provisions of the Fair Labor Standards Act until the date of trial.

44. Plaintiff and all others similarly situated further seek an additional equal amount as liquidated damages, as well as reasonable attorney's fees and costs as provided by 29 U.S.C. § 216(b), along with post-judgment interest at the highest rate allowed by law.

## VII. <u>COLLECTIVE ACTION ALLEGATIONS</u>

45. Each and every allegation contained in the foregoing paragraph is re-alleged as if fully written herein.

46. Other employees have been victimized by this pattern, practice, and policy of the Defendant that is in violation of the FLSA.

47. Thus, from personal knowledge, Plaintiff is aware that the illegal practices and policies of Defendant have been imposed on other workers.

48. Other, similarly situated employees are being denied their lawful wages.

49. Accordingly, Defendant's pattern and practice of failing to pay the overtime pay (at time and one-half) of employees as required by the FLSA results from the Defendant's general application of policies and practices, and does not depend on the personal circumstances of the members class.

50. Plaintiff RONNA L. PANGARAKIS' experience is typical of the experience of the member's class as it pertains to compensation.

51.     The specific job titles or job requirements of the various members of the class do not prevent collective treatment.

52.     All employees, regardless of their job requirements or rates of pay, who are denied overtime compensation for hour worked in excess of 40 per week, are similarly situated.

53.     Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

54.     All current and former Claim Adjustors working in Texas at Defendant's insurance business, who at any time during the three years prior to the date of filing of this action to the date of judgment who were denied overtime pay for hours worked in excess of forty (40) in any given workweek are properly included as members of the class.

## VIII. SECOND CLAIM FOR RELIEF
### (Plaintiff's individual claim for unpaid wages Based upon "off-the-clock" work performed But not paid, in violation of the FLSA)

55.     Each and every allegation contained in the foregoing paragraphs is re-alleged, as if fully written herein.

56.     Defendant has failed to maintain a complete, accurate, and contemporaneous record of the number of hours worked per workweek by Plaintiff and by all other similarly situated employees, as required by law.

57.     Defendants knowingly, willfully, or with reckless disregard carried out an illegal pattern and practice of deceptive and fraudulent accounting practices regarding "off-the-clock" work due to Plaintiff and to all others similarly situated.

58.     The Defendant's conduct was willful within the meaning of 29 U.S.C. § 255(a).

59.     No lawful exemption excused the Defendant from compensating Plaintiff and all others

similarly situated, for all hours worked, but not recorded, in a workweek.

60. Plaintiff and all others similarly situated seek an amount of back-pay equal to the unpaid compensation for work performed, but not recorded or paid, from the date their eligibility began, as defined by the provisions of the Fair Labor Standards Act until the date of trial.

61. Plaintiff and all others similarly situated further seek an additional equal amount as liquidated damages, as well as reasonable attorney's fees and costs as provided by 29 U.S.C. § 216(b), along with post-judgment interest at the highest rate allowed by law.

## IX. COLLECTIVE ACTION ALLEGATIONS

62. Each and every allegation contained in the foregoing paragraph is re-alleged as if fully written herein.

63. Other employees have been victimized by this pattern, practice, and policy of the Defendant that is in violation of the FLSA.

64. Thus, from personal knowledge, Plaintiff is aware that the illegal practices and policies of Defendants have been imposed on other workers.

65. Other, similarly situated employees are being denied their lawful wages.

66. Accordingly, each Defendant's pattern and practice of failing to compensate employees for work performed, but not recorded or paid, as required by the FLSA results from the Defendants' general application of policies and practices, and does not depend on the personal circumstances of the members class.

67. Plaintiff RONNA L. PANGARAKIS' experience is typical of the experience of the member's class as it pertains to compensation.

68. The specific job titles or job requirements of the various members of the class do not

prevent collective treatment.

69. All employees, regardless of their job requirements or rates of pay, who are denied overtime compensation for hour worked, but not recorded or paid, are similarly situated.

70. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

71. All current and former Claim Adjustors working in Texas at Defendant's insurance business, who at any time during the three years prior to the date of filing of this action to the date of judgment who were denied compensation for hours worked , but not recorded or paid in any given workweek are properly included as members of the class.

### X. THIRD CLAIM FOR RELIEF
### (Plaintiff's individual claim for unpaid wages
### In violation of the Texas Labor Code, Chapter 61)

72. Each and every allegation contained in the foregoing paragraph is re-alleged as if fully written herein.

73. By withholding Plaintiff RONNA L. PANGARAKIS' wages earned during the period of his employment until the present, Defendant's have violated the Texas Labor Code, Chapter 61, *et seq.*, which specifically requires the employer to pay its employees all of their wages earned.

74. Plaintiff therefore sues for her unpaid wages and all additional damages allowed under the Texas Labor Code, Chapter 61, *and et seq.*

### XI. ATTORNEY FEES

75. Each and every allegation contained in the foregoing paragraph is re-alleged as if fully written herein.

76. Plaintiff RONNA L. PANGARAKIS, and all other similarly situated, are entitled to

recover attorney's fees and costs for bringing this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

## XII. JURY DEMAND

77.     Plaintiff RONNA L.PANGARAKIS, and all other similarly situated, make a formal demand for a jury trial in this matter.

## XIII. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff RONNA L. PANGARAKIS, and all other similarly situated respectfully request that upon hearing, the Court grant Plaintiff, and all others similarly situated, relief as follows:

a.  Declare that Defendant have violated the Fair Labor Standards Act, specifically, 29 U.S.C. § 207, by failing to Plaintiff and all others similarly situated, overtime pay at one and one-half times their regular hourly rate for all hours in excess of 40 worked during each seven-day work period.

b.  Enjoin Defendants from failing to pay Plaintiff and all others similarly situated, at one and one-half times their regular hourly rate for all hours in excess of 40 worked during each seven-day work period.

c.  Declare that Defendant have violated the Fair Labor Standards Act, specifically, 29 U.S.C. § 207, by failing to Plaintiff and all others similarly situated, compensation for hours worked, but not recorded or paid, during each seven-day work period.

d.  Enjoin Defendants from failing to pay Plaintiff and all others similarly situated compensation for hours worked, but not recorded or paid, during each seven-day work period.

e.  Order Defendants to pay Plaintiff and all others similarly situated, the actual compensation Plaintiffs earned during the relevant period, together with an equal amount as to liquidated damages.

f.  Order Defendants to pay Plaintiff and all others similarly situated employees' reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

g.  Order Defendants to pay post-judgment interest at the highest lawful rate for all amounts, including attorney's fees, awarded against Defendants.

Order further relief, whether legal, equitable, or injunctive, as may be necessitated to effectuate full relief to Plaintiff  RONNA L. PANGARAKIS, and to all other similarly situated employees of the Defendants.

> Respectfully submitted,
>
> **THE LAW OFFICES OF JOE M. WILLIAMS & ASSOCIATES**
> 9950 Westpark Drive, Suite 330
> Houston, Texas  77063
> (713) 532-0336 – Telephone
> (713) 861-0337 – Facsimile
>
> By: /s/ Joe Williams
>   Joe M. Williams
>   Federal ID. No. 997092
>   State Bar No. 24063066
>
> By: /s/ John C. Lipps
>    John C. Lipps
>    Federal ID No.246689
>    State Bar No. 00793134
>
> **ATTORNEYS FOR PLAINTIFF
> RONNA L. PANGARAKIS**